–UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT MOY,

    Plaintiff,

               Case No. 25-cv-1910-pp

  v.

CITY OF MILWAUKEE and
JEFFREY NORMAN,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 5) AND DISMISSING CASE WITH PREJUDICE**

On December 4, 2025, the plaintiff filed a complaint alleging that the defendants had removed him from public employment without due process in violation of the Constitution. Dkt. No. 1. The defendant has filed a motion asking the court to dismiss the complaint for failure to state a claim. Dkt. No. 5. Because the plaintiff fails to identify a protected property interest in continued employment, the court will grant the defendants' motion to dismiss.

## I.  Allegations in the Complaint

The plaintiff alleges that the Milwaukee Police Department (MPD) hired him as a probationary police officer in late October 2022. Dkt. No. 1 at ¶¶14. He asserts that he would have become a full MPD officer in August 2023 after a sixteen-month probationary period. Id. at ¶15. He says that probationary employees are subject to termination as a form of discipline, but that any termination must comply with certain due process protections, including "all

1

standard operating procedures, the [MPD] Code of Conduct and Wisconsin state statutes." Id. at ¶¶16–18.

The plaintiff alleges that all formal disciplinary charges for MPD employees are governed by MPD SOP 870.20, which requires that the MPD provide the employee with a written notification letter, a copy of the formal disciplinary charges and a copy of the investigation summary. Id. at ¶¶19–20. The plaintiff states that after notification, the accused employee may file a Department Memorandum to the Chief of Police explaining his conduct. Id. at ¶21. He asserts that the Chief of Police must consider the Department Memorandum before taking any disciplinary action. Id. at ¶23.

The plaintiff states that he was subjected to discipline due to an alleged incident on December 6, 2022, when he attended On the Border, "a self-described gentleman's club in Franklin, Wisconsin," with a friend. Id. at ¶¶26–27. He alleges that he arrived at On the Border around 11:45 p.m. on December 6 and left to drop his friend off at home around 2:00 a.m. on December 7. Id. at ¶¶27, 29. The plaintiff says that he received a phone call around 2:30 a.m. from Franklin Police Department officer Bradley Treiber about a hit and run. Id. at ¶30. He contends that he denied involvement in the hit and run, but that Officer Treiber asked to inspect the plaintiff's car. Id. at ¶¶31–32. The plaintiff agreed, and around 2:55 a.m., Officer Treiber arrived at the plaintiff's house and inspected the car. Id. at ¶¶32–33. The plaintiff states that Officer Treiber noted a mark on the car, but the plaintiff explained that the car was a 2012 model and had "seen some wear and tear." Id. at ¶33. The

2

plaintiff again denied involvement in the accident and Officer Treiber left the plaintiff's home around 3:30 a.m. without issuing a citation. Id. at ¶¶35–36.

The plaintiff alleges that he next reported to work around midnight on December 8, 2022. Id. at ¶37. He says that he was brought to the Internal Affairs department later that morning and was questioned about the incident. Id. at ¶¶38–39. The plaintiff maintains that he explained the course of events and identified where he had parked and how he departed On the Border. Id. at ¶40. He says that at the end of the meeting, investigators told the plaintiff that he would be placed on administrative leave. Id. at ¶41. He alleges that later that day, MPD Sergeant Ray arrived at the plaintiff's home with a written termination letter and informed the plaintiff that as a probationary employee, he had no right to appeal. Id. at ¶¶42–44.

The plaintiff alleges that his termination violated MPD's written policies and that the city has a practice of terminating other probationary employees without notice or opportunity to be heard. Id. at ¶¶45–46. The plaintiff contends that he was not given written notice of the charges or allowed to submit his own statement as required by MPD SOP 870.20. Id. at ¶50. He asserts that the defendants' actions violate 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments. Id. at ¶¶58–63.

## II.     Motion to Dismiss (Dkt. No. 5)

### A.     Defendants' Brief (Dkt. No. 6)

The defendants argue that the plaintiff had no due process protection as a probationary employee. Dkt. No. 6 at 4. They assert that the due process

3

clause only applies where an individual is "deprived of a constitutionally protected property interest" and that there is no property interest in public employment created by the Constitution alone. Id. The defendants maintain that a plaintiff has a property interest in continued employment only if he has a legitimate claim of entitlement to that employment supported by "rules or mutually explicit understandings" of continued employment. Id. (quoting Perry v. Sindermann, 408 U.S. 593, 601 (1972)).

The defendants argue that probationary police officers have no expectation of continued employment and that Wisconsin law permits Police Chiefs and Boards to terminate probationary employees. Id. at 5 (citing Ratliff v. Milwaukee, 795 F.2d 612 (7th Cir. 1986)). They say that this court has held that probationary officers are not entitled to procedural protections under Wis. Stat. §62.50 because they are not "members" of the police force until after they have completed the probationary period. Id. at 6 (citing Milwaukee Police Ass'n v. Fire & Police Comm'rs of Milwaukee, 787 F. Supp. 2d 888 (E.D. Wis. 2011)). The defendants maintain that this is consistent with Wisconsin case law holding that probationary officers may be terminated without a statement of reasons or a determination of just cause. Id. at 6–7 (collecting cases).

The defendants contend that MPD SOP 870 does not change this conclusion. Id. at 7. According to the defendants, MPD SOP 870 states that any discipline must comply with the Code of Conduct, which in turn states that probationary employees may be terminated with no right of appeal. Id. The defendants assert that MPD SOP 870 distinguishes between "discharge" from

4

the department and "termination" from the department, the latter of which is described as "applicable for probationary members only." Id. at 7–8. They argue that the SOP recognizes only employee rights afforded by applicable law, which includes rights as described in case law. Id. at 8. The defendants assert that reading these provisions together shows that probationary employees are subject to different procedures and have different rights than full employees and so have no property interest in continued employment. Id. at 8–9. The defendants state that a regulation does not establish an interest in continued employment simply because it describes a procedure that must be followed prior to termination. Id. at 9.

B. Plaintiff's Response (Dkt. No. 14)

The plaintiff responds that the defendants failed to address the fact that probationary officers may have a property interest in continued employment under chapter 164 of the Wisconsin Statutes as well as the MPD's SOPs, code of conduct and other MPD policies. Dkt. No. 14 at 6–7. He argues that although SOP 870 identifies one type of discipline applicable to probationary employees, it does not state that probationary employees are excluded from other forms of discipline or applicable procedures. Id. at 7–8. The plaintiff asserts that had the drafters of SOP 870 wished to exclude probationary employees from the disciplinary procedure, they would have done so explicitly, and argues that the court cannot read an exclusion into the policy that does not exist. Id. at 8.

The plaintiff maintains that Wis. Stat. §164.01 provides protections to all law enforcement officers, including probationary employees. Id. at 9. He asserts

5

that the statute defines "law enforcement officers" to include any individual authorized to make arrests for violations of law or ordinances he is employed to enforce, inclusive of probationary employees. Id. (quoting Wis. Stat. §164.01). The plaintiff contends that the rights in chapter 164 cannot be limited by ordinance and must control over any contrary rule. Id. at 10. The plaintiff says that the statute contains anti-retaliation provisions and describes evidentiary safeguards for investigations and disciplinary proceedings. Id. at 10–11. He also contends that the MPD's own SOPs provide that the Chief of Police must abide by the rights in chapter 164 when imposing discipline. Id. at 12.

According to the plaintiff, this means that chapter 164 limits the defendants' disciplinary discretion and so provides a property interest in continued employment. Id. The plaintiff argues that chapter 164 requires that any discipline be based on "fairness" and "cannot be arbitrary." Id. at 12–13. He asserts that any discharge must occur after a "prompt, thorough, and impartial investigation," which he believes means that termination must be for cause. Id. at 14. He argues that other policies require that discipline be imposed only for work-rule violations. Id. at 15. The plaintiff contends that although Guiding Principle 1.01 states that a probationary employee may be discharged if his performance is not satisfactory, the inverse of that also must be true: a probationary employee cannot be discharged if his performance is satisfactory. Id. The plaintiff argues that if an employee is terminated during the probationary period, the Chief must provide a written statement of reasons for the discharge, which further suggests that termination must only be for

cause. Id. at 16. The plaintiff asserts that reading these provisions together demonstrates that even probationary officers have a property interest in continued employment. Id. at 16–17.

C.      Defendants' Reply (Dkt. No. 15)

The defendants reply that the plaintiff raises new arguments in his brief that he did not plead in the complaint. Dkt. No. 15 at 1–2. The defendants contend that the plaintiff never cited chapter 164 in the complaint and alleged only MPD SOP 870 as the basis for his property interest. Id. at 2. The defendants maintain that the plaintiff had an opportunity to file an amended complaint to raise these grounds for relief but instead opposed the motion to dismiss using new legal theories, which is improper. Id. at 2–3.

The defendants argue that even if the court were to allow the plaintiff to proceed, the plaintiff's arguments must fail because the Wisconsin Supreme Court already has held that Wis. Stat. §165.85—not chapter 164—governs probationary police officer hiring. Id. at 3 (citing Kaiser v. Board of Police and Fire Commissioners of City of Wauwatosa, 104 Wis. 2d 498 (Wis. 1981)). The defendants contend that Wisconsin courts have held that §165.85 controls over other general statues, so the same conclusion should apply here. Id. at 3–4. They assert that there is no case law supporting the plaintiff's argument that Wis. Stat. §164.01 *et seq.* applies to probationary police officers. Id. at 4.

The defendants reiterate their argument that MPD SOP 870.20, read as a whole, distinguishes the disciplinary process for probationary employees from the process for permanent employees. Id. They argue that even if the applicable

law places limits on the police department's discretion to terminate permanent employees, there is no basis for extending those limits to probationary employees in statute, policy or case law. Id. at 5.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all of the factual allegations in the complaint as true," id., and draws all reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).

### IV. Analysis

The plaintiff alleges that the defendants failed to grant him due process when they terminated him during his probationary period. "In order to state a claim for a procedural due process violation of a property right, [the plaintiff]

8

must establish: (1) a protected property interest; (2) a deprivation of that property interest by someone acting under the color of state law; and (3) a denial of due process." <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 900 (7th Cir. 2012) (citing <u>Tenny v. Blagojevich</u>, 659 F.3d 578, 581 (7th Cir. 2011)). "[T]he threshold question is whether a protected property interest actually exists." <u>Cole v. Milwaukee Area Technical Coll. Dist.</u>, 634 F.3d 901, 904 (7th Cir. 2011).

"To claim a property interest protected by the Fourteenth Amendment, a person must have more than a unilateral expectation of the claimed interest. He must, instead, have a legitimate claim of entitlement to it." <u>Khan v. Bland</u>, 630 F.3d 519, 527 (7th Cir. 2010) (internal quotation marks and punctuation omitted) (quoting <u>Bd. of Regents of State Colls. v. Roth</u>, 408 U.S. 564, 577 (1972)). "A protected property interest exists only when the state's discretion is 'clearly limited such that the plaintiff cannot be denied the interest unless specific conditions are met.'" <u>Booker-El</u>, 668 F.3d at 900 (quoting <u>Brown v. City of Michigan City, Ind.</u>, 462 F.3d 720, 729 (7th Cir. 2006)).

"As a general rule, a government employee who may be discharged only for cause has a constitutionally protected property interest in [his] position and may not be removed from it without due process." <u>Schulz v. Green County, State of Wis.</u>, 645 F.3d 949, 952 (7th Cir. 2011). "[A] plaintiff generally is required to show that the terms of his employment provide for termination only 'for cause' or otherwise evince 'mutually explicit understandings' of continued employment." <u>Cole</u>, 634 F.3d at 904.

The plaintiff cannot establish a legitimate claim of entitlement to continued employment. As the Seventh Circuit has explained, "[u]nder Wisconsin law, a probationary police officer has no more than a unilateral expectation of fulfilling [his] probationary period and being hired as a permanent officer." Ratliff v. City of Milwaukee, 795 F.2d 612, 624 (7th Cir. 1986) (citing Kaiser, 104 Wis. 2d 498; Milwaukee Police Association v. City of Milwaukee, 113 Wis. 2d 192 (Wis. Ct. App. 1983)). This is consistent with the Wisconsin Supreme Court's interpretation of state law. In Kaiser, 104 Wis. 2d at 498–99, the Wisconsin Supreme Court held that probationary police officers are not entitled to the same procedural protections as permanent employees. The court explained that the probationary period is a continuation of the hiring process and that the plaintiff "was not disciplined; he was terminated as not suited for service as a police officer." Id. at 503–04. Although the plaintiff—a probationary officer—was terminated without a hearing or statement of reasons, the court determined there was no due process violation because the plaintiff lacked any interest in continued employment. Id. at 506; see also Kvapil v. Chippewa County, Wis., 752 F.3d 708, 715 (7th Cir. 2014) (employer's failure to provide a hearing prior to plaintiff's suspension and termination did not violate due process where the plaintiff's continued employment was not guaranteed by ordinance).

Such is the case here. The plaintiff argues that various statutes and policies create an expectation of continued employment with the MPD. But if probationary employees were subject to the same procedural protections and

safeguards as permanent employees, their probationary status essentially would be eliminated. As explained by this court, "'Wisconsin courts have concluded that state law provides no legitimate expectation of employment on behalf of a probationary police officer.'" <u>Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee</u>, 787 F. Supp. 2d 888, 895 (E.D. Wis. 2011) (quoting <u>Ratliff v. City of Milwaukee</u>, 608 F. Supp. 1109, 1129 (E.D. Wis. 1985)). The policies the plaintiff cites do not compel this court to reverse that position.

The plaintiff was not entitled to continued employment as a probationary officer, nor did due process compel the MPD to grant him a hearing or other procedural protection before terminating his probation. The court must grant the defendants' motion to dismiss. Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." <u>See</u> <u>Fields v. Miller</u>, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing <u>Runnion <em>ex rel.</em> Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.</u>, 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, the plaintiff cannot plead around the fact that he was a probationary police officer not entitled to continued employment. Amending his complaint cannot create a protected property interest where none exists. The court will dismiss this case with prejudice.

## V. Conclusion

The court **GRANTS** the defendants' motion to dismiss. Dkt. No. 5.

11

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which this federal court can grant relief. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of June, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

12